IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Willie Junior Hines, #240466, aka Willie Hines, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Spartanburg County Department of Social Services; Alice Schaaf; Tiffany Bland; Dina Brazil; Jean Bradley; and Irene Holman, <br><br> Defendants. | Civil Action No. 7:07-3375-GRA-WMC <br><br> **ORDER AND** <br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, alleges in his complaint that his daughter was injured while in foster care. He alleges causes of action including negligence, gross negligence, and negligent infliction of emotional distress against the Spartanburg County Department of Social Services and several employees of that agency. He also names as defendants certain employees of the South Carolina Guardian Ad Litem Program. The plaintiff states that he seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On March 19, 2008, the plaintiff filed a motion to compel asking the court to direct the defendants to answer interrogatories and requests to produce that were served upon the defendants on February 13, 2008. The defendants responded to the motion stating that after filing their answer on February 10, 2008, subpoenas were issued for

appropriate medical records. The defendants state that they have now prepared and served written responses to all written discovery requests previously served upon them. Accordingly, this motion (doc. 24) is moot.

On April 3, 2008, the plaintiff moved for appointment of counsel. The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed. Based upon the foregoing, this motion (doc. 26) is denied.

Also on April 3, 2008, the plaintiff moved for sanctions stating that the defendants did not produce "all medical documents created or filed by staff members in the treatment of [his daughter] between the dates of April 16, 2007, and January 2, 2008. As noted above, the defendants state that they have sent subpoenas for appropriate medical records, and they have forwarded the records to the plaintiff. The defendants are under a continuing obligation to supplement their responses if they receive further information pursuant to their subpoenas. Accordingly, the motion for sanctions (doc. 27) is denied.

On April 8, 2008, the plaintiff filed a motion to amend his complaint to add another defendant, B.J. Cook, who is identified by the plaintiff as a caseworker. In his

motion to amend, the plaintiff states that he has "gathered information that puts the Defendant [B.J. Cook] in the mix of the ongoing case as a witness to what went on." Later, he states that Ms. Cook can "explain why the things that took place happened to the child" (m. to amend 1-2). In his proposed amended complaint, the plaintiff alleges that his daughter reported her mistreatment to Ms. Cook. He alleges that Ms. Cook "can shine some light on this case of why did this incident take place" (prop. am. comp. 3). The defendants oppose the motion. This court finds that the motion to amend (doc. 28) should be granted. *See* Fed.R.Civ.p. 15(a)(2) ("The court should freely give leave when justice so requires.").

On April 15, 2008, the defendants filed a moved to strike the individual defendants from the complaint. The defendants argue that the South Carolina Tort Claim Act is the plaintiff's exclusive civil remedy against the Spartanburg County Department of Social Services ("DSS"). They further argue that the individual employees of DSS, including Ms. Cook, whom the plaintiff seeks to add as a defendant, should be dismissed as defendants under South Carolina Code Annotated § 15-78-70, which provides in pertinent part:

> (a) This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b).
>
> (b) Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.
> \*\*\*
> On or after January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the

3

> agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted. In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant. . . .

S.C. Code Ann. § 15-78-70.

However, in his response to the motion to strike, the plaintiff contends that he seeks relief pursuant to Title 42, United States Code, Section 1983, against the individual defendants in their personal capacities. He claims the individual defendants acted under color of state law in denying his constitutional rights. Based upon the foregoing, the defendants' motion to strike the individual defendants from the complaint should be denied at this time (doc. 31).

Wherefore, based upon the foregoing, the plaintiff's motion to compel (doc. 24) is moot, and the plaintiff's motion to appoint counsel (doc. 26) and motion for sanctions (doc. 27) are denied. The plaintiff's motion to amend (doc. 28) is granted. The Clerk of Court is directed to file the plaintiff's proposed amended complaint, which was attached to his motion as an exhibit, as an addition to his original complaint rather than as a replacement for his original complaint. Further, it is recommended that the defendants' motion to strike (doc. 31) the individual defendants from the complaint be denied at this time.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

May 13, 2008

Greenville, South Carolina

4