UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Willie Junior Hines, # 240466, *aka* *Willie Hines, Jr.*, | ) ) ) | C/A No.: 7:07-cv-3375-GRA-WMC |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER (Written Opinion) |
| Spartanburg County Department of Social Services; Alice Schaaf; Tiffany Bland; Dina Brazil; Jean Bradley; and Irene Holman, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court to review Magistrate Judge Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), filed May 13, 2008. Plaintiff originally sued Defendants under 42 U.S.C. § 1983 for allegedly abusing his daughter while she was in the care of the defendants. Defendants moved to strike the individual defendants from the complaint on April 15, 2008. The magistrate recommends denying defendants' motion to strike.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on June 3, 2008.

The plaintiff objects to the magistrate's denial of his motions to compel and appoint counsel. Title 28, United States Code, Section 636(b)(1)(A) gives a magistrate judge the authority, *inter alia*, "to hear and determine any pretrial matter pending before the court, except for eight enumerated dispositive motions[.]" *United States v. Benton*, 523 F.3d 424 (4th Cir. 2008) (quoting 28 U.S.C. § 636(b)(1)(A)). Both of these objections relate to motions that § 636(b)(1)(A) empowers a magistrate to hear and determine. This Court may reconsider these non-exempted, pretrial determinations if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). To the extent the plaintiff's objections can be construed to present a request for this Court to reconsider the magistrate's pretrial

determinations, this Court finds that the plaintiff has not demonstrated that either of the magistrate's decisions he objects to are either clearly erroneous or contrary to law.

The only dispositive motion before this Court to review is the defendants' motion to strike. Neither party objected to the magistrate's recommendation to deny the defendants' motion. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After a thorough review of the record, the litigants' motions, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. This Court, therefore, adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion to strike be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 7, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**