IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Willie Junior Hines, #240466, aka Willie Hines, Jr., | ) ) ) |
| Plaintiff, | ) C/A No. 7:07-3375-GRA-WMC ) ) |
| vs. | ) **Order** ) |
| Spartanburg County Department of Social Services; Alice Schaaf; Tiffany Bland; Dina Brazil; Jean Bradley; Irene Holman; and B.J. Cook, Defendants. | ) ) ) ) ) ) ) ) ) |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., filed on January 14, 2009. The magistrate now recommends that this Court grant the defendant's motion for summary judgement. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff offers one objection which meets this standard.

The plaintiff argues the defendant's are not entitled to immunity under the Eleventh Amendment. Specifically, the under *Ex Parte Young*, 209 U.S. 123 (1908) he may sue a state actor in his official capacity. In this instance, however, *Ex Parte Young* does not provide a method for this plaintiff to pursue his case.

The under the doctrine of *Ex parte Young*, private citizens may petition a federal court "to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom,* 290 F.3d 178, 184 (4th Cir.2002). "To determine whether the *Ex parte Young* doctrine is applicable, as the Supreme Court recently observed, a court 'need only

conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Franks v. Ross,* 313 F.3d 184, 197 (4th Cir. 2002) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 122 S.Ct. 1753, 1760 (2002)). In this instance, as the magistrate notes, the plaintiff has not sufficiently demonstrated a violation of federal law. Accordingly, the defendant's motion is without merit.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety. Thus, this court orders that the defendants' motion for summary judgment (doc. 61) be granted and all outstanding motions are dismissed as moot.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January  30, 2009

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**